IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSS THOMAS BRANTLEY, III, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:17-cv-003-S (BT) |
| | § | |
| LORIE DAVIS, *Director,* TDCJ-CID | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow:

I.

Petitioner filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Court recommends that the petition be transferred to the Fifth Circuit Court of Appeals as successive.

Petitioner challenges his conviction for family violence assault, enhanced. *State v. Brantley*, No. F-13-00014-V (292nd Jud. Dist. Ct., Dallas Cnty., Tex., Feb. 8, 2013). He was sentenced to six years in prison. On February 10, 2014, the Fifth District Court of Appeals affirmed the trial court's judgment as modified.

*See Brantley v. State*, No. 05-13-00225-CR, 2014 WL 545514 (Tex. App. – Dallas Feb. 10, 2014). On July 25, 2014, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Brantley v. State*, PD-0209-14 (Tex. Crim. App. July 25, 2014).

On September 16, 2013, Petitioner filed a state habeas petition. *Ex parte Brantley*, No. 77,234-04. On December 11, 2013, the petition was dismissed because his direct appeal was pending. On May 25, 2014, Petitioner filed a second state habeas petition. *Ex parte Brantley*, No. 77,234-05. On September 24, 2014, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing.

On July 29, 2014, Petitioner filed his first § 2254 petition. *Brantley v. Stephens*, No. 3:14-cv-2738-N-BN (N.D. Tex.). On December 9, 2015, the district court denied the petition. On March 3, 2017, the Fifth Circuit Court of Appeals denied a certificate of appealability. *Brantley v. Stephens*, No. 15-11296 (5th Cir. Mar. 3, 2017).

On December 25, 2016, Petitioner filed the instant § 2254 petition. He argues: (1) his conviction was obtained in violation of his right to be free from self-incrimination; (2) the prosecutor failed to disclose evidence favorable to the defense; (3) he received ineffective assistance of counsel; and (3) the indictment was void.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief.  ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996).  A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  *See* 28 U.S.C. § 2244(b)(2).  Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

III.

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the petition for writ of habeas corpus filed under 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth

Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997), and that all pending motions be DENIED.

Signed June 4, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).