IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSS THOMAS BRANTLEY, III, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:17-cv-003-S (BT) |
| | § | |
| LORIE DAVIS, *Director,* TDCJ-CID | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Ross Thomas Brantley, III, filed a *pro se* "Motion for Leave to File En Banc Objection/Hearing" in this closed habeas case. Mot. (ECF No. 42). For the following reasons, the Court should construe the motion as a successive petition under 28 U.S.C. § 2254 and transfer the petition to the Fifth Circuit Court of Appeals.

I.

In January 2017, Brantley initiated this civil action by filing a habeas petition under 28 U.S.C. § 2254 challenging his conviction for family violence assault, enhanced. *State v. Brantley*, No. F-13-00014-V (292nd Jud. Dist. Ct., Dallas County., Tex., Feb. 8, 2013). On July 16, 2018, the Court transferred the petition to the Fifth Circuit as successive. On January 31, 2020, Brantley filed the pending motion for leave. Like his original petition, this motion challenges his state court conviction and alleges that his constitutional rights were violated.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Brantley files any successive motion for post-conviction relief in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

Brantley's Motion for Leave to File En Banc Objection/Hearing challenges his state court conviction and seeks post-conviction relief on grounds that his constitutional rights were violated. The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Brantley must obtain such an order before he can file another request for relief under § 2254.

III.

For the foregoing reasons, the Court should construe the motion as a successive habeas petition under 28 U.S.C. § 2254 and transfer the petition to the Fifth Circuit Court of Appeals pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir.

1997). The Court also should direct the clerk's office to open a new civil action (nature of suit 530), with direct assignment to District Judge Scholer and Magistrate Judge Rutherford, and terminate the motion in this case.

Signed May 15, 2020.

                            _____
                            REBECCA RUTHERFORD
                            UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).